UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN MCGEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-815-CDP |
| | ) |
| FELIX VINCENZ, DENISE HACKER, and | ) |
| MISSOURI DEPT. OF MENTAL HEALTH, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Before me is Plaintiff Kevin McGee's motion seeking leave to proceed in forma pauperis in this civil action. I have reviewed the motion and the financial information provided therein, and will grant the motion. Additionally, I will dismiss this case without prejudice, and will deny Plaintiff's motion to appoint counsel and his motion seeking the issuance of a subpoena.

### Legal Standard on Initial Review

District courts are required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need

not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. District courts must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

Federal courts liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is in the custody of the Missouri Department of Mental Health (also "MDMH"). At present, he receives care at the Southeast Missouri Mental Health Center in Farmington, Missouri. During Plaintiff's time in custody, he has been a frequent pro se and in forma pauperis litigator in this Court.

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against Felix Vincenz, Denise Hacker, and the MDMH.  Plaintiff did not specify the capacity in which he sues Vincenz or Hacker.  Therefore, I interpret the complaint as asserting only official capacity claims against them.  *See Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007) (quotation omitted) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity").  Plaintiff alleges as follows.

Plaintiff has been "incarcerated" since June 8, 1988. (ECF No. 1 at 3).  He writes: "On or about 12-27-22 while I was accosted by the police, they did not even read me my Mirandi 1996 Act.  They walked into my Apt. & my civil rights were not enforced as I told DSN 061 Zebedee Williams that if they had no search warrant, no entry." *Id.* at 2.[1]  "They showed no signs of any alleged crime, my shotgun was in the kitchen, and I watched them perform their stakeout.  My observation was incoherent because they ignored my statement no warrant, no entry.  They ignored my conversation." *Id.*[2]  Next, Plaintiff alleges he was attacked in his room on an unspecified date by someone named Chris Halderman, and suffered injuries to his head and hand.  He describes the attack as strange, and states he hopes it does not happen again.

In setting forth his prayer for relief, Plaintiff writes: "I am appalled.  However, my only recourse is a RSMo. 552 040 a conditional release, please see attached.  Its the most I can do at this venture.  I'm jumping through the hoops." *Id.* at 3.[3]  Attached are handwritten copies of documents that appear related to a Missouri State court habeas corpus petition.  There is also a single page of handwritten text that appears to describe the forcible administration of Klonopin and Zyprexa at the direction of a guardian.  The document is not signed, and does not indicate

---

[1, 2, 3] The text is quoted verbatim without correction of errors.

when the alleged incident occurred. None of these documents contain allegations that can be construed as an attempt to state a § 1983 claim against the named defendants.

Independent review of Missouri Case.net shows that Plaintiff is the petitioner in a habeas corpus action that is pending in the 32nd Judicial Circuit Court in Cape Girardeau County, Missouri. *See McGee v. Anderson,* No. 23CG-CC00286 (32nd Jud. Cir. 2023). As of the date of this Memorandum and Order, that action remains pending in the Circuit Court. After filing the complaint, Plaintiff filed three letters in which he complained he had been treated unfairly in Missouri State court since 1987, his facility lacked a law library, and he was given insufficient time to conduct research. (ECF Nos. 5, 6, and 7). He also filed a motion asking me to issue a subpoena for his friend, who could serve as a character witness. (ECF No. 4).

## Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, Plaintiff sues Vincenz and Hacker in their official capacities. These claims are actually claims against their employer, which in this case is understood to be the State of Missouri. *See  Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

To the extent Plaintiff is seeking prospective injunctive relief against Vincenz and Hacker, he has not established that the State of Missouri violated his constitutional rights due to an unconstitutional policy, custom, or failure to train. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Furthermore, the only injunctive relief Plaintiff can be understood to seek is release from MDMH custody. However, such relief is not available in this 42 U.S.C. § 1983 action. *See*

4

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). If Plaintiff wishes to seek release from confinement, he must file a petition for writ of habeas corpus. *See Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release). Finally, any claim for monetary relief would fail because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983," *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), and a "claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

      Even if Plaintiff had sued Vincenz and Hacker in their individual capacities, the complaint would be subject to dismissal. Plaintiff has listed Vincenz and Hacker as defendants in the caption of the complaint, but there are no allegations that Vincenz or Hacker engaged in any specific act or conduct that deprived Plaintiff of a federally-protected right. Therefore, the complaint fails to state a valid § 1983 claim against them. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). For all of these reasons, I conclude that the complaint fails to state a claim upon which relief may be granted against Vincenz and Hacker.

Plaintiff also sues the Missouri Department of Mental Health, which is a department of the State of Missouri. The Eleventh Amendment shields this defendant from suit. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment shields States, and their agencies and departments, from suit in federal court. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment's immunity bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (determining that a district court erred in allowing plaintiff to proceed against the state university for injunctive relief, and remanding matter to the district court for dismissal).

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first is "where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second is when a State waives its immunity to suit in federal court. *Id*. at 65. A State will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. As to the first exception, the Supreme Court has determined that 42 U.S.C. § 1983 does not abrogate a State's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to

6

disregard the well-established immunity of a State from being sued without its consent"). As to the second exception, there has been no waiver of immunity for this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect, and providing exceptions). Therefore, to the extent Plaintiff can be understood to assert claims against the Missouri Department of Mental Health for any type of relief, such claims are barred by the Eleventh Amendment.

I have reviewed the complaint and Plaintiff's other filings, and have determined that there are no allegations that would state a plausible § 1983 claim against any other individual or entity that could be identified as a defendant. In the complaint, Plaintiff states he was attacked in his room on an unspecified date by one Chris Halderman. However, there is no indication that Chris Halderman was a MDMH employee, or was acting under color of state law. Therefore, it would be futile to add that individual as a defendant in this matter because the complaint fails to allege an essential element of a § 1983 claim against him. *See West*, 487 U.S. at 48. Plaintiff also states that he has been in MDMH custody since the late 1980s, but then alleges that police came to his apartment on December 27, 2022 and conducted a warrantless search and stakeout while his shotgun was in the kitchen. This portion of the complaint does not appear grounded in reality, and instead appears to be "clearly baseless" and subject to dismissal as factually frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319).

Among the materials submitted with the complaint is a single page of handwritten text describing what appears to be forcible administration of Klonopin and Zyprexa at the direction of a guardian. Plaintiff did not sign the document, and there is no indication of when the alleged incident occurred. The document contains no allegations that would state a plausible § 1983 claim against any named defendant, or against anyone who could be identified as a defendant. Finally, in documents filed with the complaint and in letters filed after the complaint, Plaintiff states he has

7

been treated unfairly by the Missouri State Courts, and he states his facility lacks certain legal resources.  However, none of these filings can be interpreted as asserting a plausible access-to-courts claim because there are no allegations that the lack of some resource deprived Plaintiff of a specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights.  *See Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (citation omitted) (discussing access-to-courts claims).

For the foregoing reasons, I conclude that Plaintiff's 42 U.S.C. § 1983 complaint is subject to dismissal.  This is not a situation in which the defects of the complaint could be cured by amendment.  Therefore, I will dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) and Plaintiff's motion seeking the issuance of a subpoena (ECF No. 4) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of November, 2023.

_____
CATHERINE D. PERRY
SENIOR UNITED STATES DISTRICT JUDGE